UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00522-GNS

BROOKE THRELKELD                                                                    PLAINTIFF

v.

NORTON HEALTHCARE LOUISVILLE                                                DEFENDANT

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Consolidate (DN 4) and Plaintiff's Motion to Remand (DN 11).  The motions are ripe for adjudication.  For the reasons stated below, Plaintiff's motion is **GRANTED**, and Defendant's motion is **DENIED**.

## I.      <u>BACKGROUND</u>

Plaintiff Brooke Threlkeld ("Plaintiff") filed a lawsuit in Jefferson Circuit Court (Kentucky) asserting claims of disability discrimination and retaliation under the Kentucky Civil Rights Act, and common-law retaliation arising from her employment by the Department of Pediatrics at the University of Louisville School of Medicine, which later became integrated with Defendant Norton Healthcare Louisville ("Norton").  (Compl. ¶¶ 4, 8, 74-96, DN 1-2).  In a separate lawsuit filed in this Court, Plaintiff sued Norton asserting a single claim under the Family and Medical Leave Act.  *See* Complaint ¶¶ 75-85, *Threlkeld v. Norton Healthcare Louisville*, No. 3:22-CV-00439-RGJ (W.D. Ky. Aug. 25, 2022), DN 1.

Norton then removed the state court action to this forum based upon the complaint filed in the related federal lawsuit.  (Notice Removal 2-3, DN 1).  After Norton moved to consolidate the two cases, Plaintiff moved to remand this case to state court.  (Def.'s Mot. Consolidate, DN 4; Pl.'s Mot. Remand, DN 11).

## II.   <u>DISCUSSION</u>

### A.   <u>Plaintiff's Motion to Remand</u>

Plaintiff moves to remove this action to state court.  (Pl.'s Mot. Remand 1).  She contends that Norton improperly removed this action and that this Court lacks subject matter jurisdiction. (Pl.'s Mot. Remand 2-5).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "When a case is removed to federal court, it is subject to remand under 28 U.S.C. § 1447(c) for either jurisdictional or procedural defects in the removal." *Hackworth v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 912 (E.D. Ky. 2009).  "A jurisdictional defect is one that deprives a federal court of subject matter jurisdiction, which is the only source of 'authority to hear a given type of case.'"  *Id*. (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)).

As the Sixth Circuit has stated:

> "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint.  Accordingly, if the plaintiff chooses to bring a state law claim, that claim cannot generally be "recharacterized" as a federal claim for the purpose of removal.

*Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (internal citations omitted) (citation omitted).  "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal."  *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citation omitted).

Norton removed this matter based upon jurisdiction conferred by 28 U.S.C. §§ 1331 and 1367. (Notice Removal 2-3). In invoking this Court's jurisdiction, Norton erroneously relies upon the complaint filed in the related federal lawsuit. (Notice Removal 2-3). The Complaint in the present case, however, does not assert a federal cause of action. "A dispute between non-diverse parties involving only state law claims is not, absent some special statutory authority, removable to federal court." *United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 646 (7th Cir. 1987). Thus, because federal question jurisdiction is not found on face of the Complaint, this matter must be remanded. *See H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014) ("The well-pleaded complaint rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). Because the plaintiff is the master of his complaint, the fact that a claim could be stated under federal law does not prevent a plaintiff from only stating it under state law." (citing *Eastman*, 438 F.3d at 550)); *Serraiocco v. Seba*, 286 F. Supp. 2d 860, 862 (E.D. Mich. 2003) ("[T]he 'well-pleaded complaint' rule dictates that the availability of removal generally is determined by reference to the four corners of the complaint . . . ." (citations omitted)).

The parties debate whether defendant forum rule in 28 U.S.C. § 1441(b)(2) precludes the removal of this action based on diversity jurisdiction.[1] *See Cummins v. RTH, Inc.*, 1:16-CV-

---

[1] As Norton points out in its response to Plaintiff's motion, Plaintiff has stated she is a resident of Canada. (Def.'s Resp. Pl.'s Mot. Remand 4 (citing Pl.'s Mot. Remand 1)). However, "'[f]or purposes of diversity jurisdiction, residency does not necessarily prove citizenship.' For this purpose, state citizenship is a matter not of residency but of domicile." *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 911 (W.D. Mich. 2009) (internal footnote omitted) (internal citations omitted) (citation omitted). The limited record does not establish that there is diversity

00061-GNS, 2016 WL 4536404, at *1 ("[The] 'forum defendant rule' [] provides that '[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."   (quoting 28 U.S.C. § 1441(b)(2))). Because Norton did not remove this action based on 28 U.S.C. § 1332, it is unnecessary to address the parties' contentions.

Besides arguing that the two cases should be consolidated in its response, Norton claims that Plaintiff is engaging in improper claims-splitting and that there is diversity jurisdiction. (Def.'s Resp. Pl.'s Mot. Remand 1-5, DN 12).   Norton's assertion of claims-splitting does not address the absence of subject matter jurisdiction at the time of removal, and the existence of diversity jurisdiction is neither apparent from the face of the Complaint nor was it raised in the Notice of Removal.

In her reply, Plaintiff requests for an attorneys' fees for improper removal.  (Def.'s Reply Mot. Remand 5, DN 14).   As the Supreme Court has recognized, however, an award of attorneys' fees under that subsection is discretionary, and there is no presumption that such award should be made.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005).  In awarding attorneys' fees under such circumstances, the Supreme Court has instructed trial courts to consider "the reasonableness of the removal" and to only award attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal . . . ."  *Id*. at 141. Based on the circumstances of this case, the Court declines to award any attorneys' fees for improper removal.

---

of citizenship between the parties, notwithstanding Norton's failure to rely on 28 U.S.C. § 1332 in removing this action.

For these reasons, Plaintiff's motion is granted, but her request for attorneys' fees is denied.

**B.**    <u>**Defendant's Motion to Consolidate**</u>

Following removal, Norton moved to consolidate this case with a related case pending before this Court.  (Def.'s Mot. Consolidate 1-5, DN 4).  Because the Court has concluded that this matter was improperly removed from state court, consolidation is not permitted under Fed. R. Civ. P. 42.  *See ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194-95 (D.N.J. 2015) ("Federal Rule of Civil Procedure 42(a) allows consolidation only of 'actions *before* the court.' Fed. R. Civ. P. 42(a) (emphasis added).  However, an action that has allegedly been improperly removed, as Polo North argues here, fails to constitute an action "'before the court'" for purposes of consolidation."  (internal footnote omitted) (citations omitted)).  Accordingly, this motion is denied.

**III.    CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's Motion to Remand (DN 11) is **GRANTED**, and this matter is remanded to Jefferson Circuit Court.

2.    Defendant's Motion to Consolidate (DN 4) is **DENIED**.

3.    The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

July 14, 2023

cc:    counsel of record
       Clerk, Jefferson Circuit Court (Civil Action No. 22-CI-004408)

5